IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02719-PAB-KMT

CARLOS BRITO,

    Plaintiff,

v.

DENVER CONVENTION CENTER HOTEL AUTHORITY, and
HYATT CORPORATION,

    Defendants.

_____

# ORDER
_____

    This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definite Statement [Docket No. 9].  Plaintiff responded [Docket No. 14] and defendants replied [Docket No. 15].[1]  The Court has jurisdiction pursuant to 28 U.S.C § 1331.

## I. BACKGROUND[2]

    Plaintiff, a resident of Miami-Dade County, Florida, regularly travels through the Denver area while visiting family in El Paso County, Colorado.  Docket No. 1 at 4, ¶ 16.  At the time of the complaint, plaintiff had plans to return to Denver "within four (4)

---

[1] There are two docket entries for defendants' reply.  See Docket Nos. 15, 16.  However, the only difference between the replies is which attorney for defendants signed the reply.  Compare Docket No. 15 at 10, with Docket No. 16 at 10.  Therefore, the Court will consider the first filed reply, Docket No. 15, to be the operative reply.

[2] The following facts are drawn from plaintiff's complaint.

months." *Id.* Plaintiff is a paraplegic and is not able to walk or stand. *Id.* at 3, ¶ 13. Consequently, he requires a wheelchair to ambulate. *Id.*

On July 27 and July 28, 2020, plaintiff visited a commercial hotel located in Denver, Colorado (the "hotel"), which is owned and operated by defendants Denver Convention Center Hotel Authority and Hyatt Corporation. *Id.* at 3-4, ¶¶ 14-15. During this visit, plaintiff "encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property." *Id.* at 3-4, ¶ 15. He encountered architectural barriers that denied or diminished his ability to access the hotel, and that posed a risk of injury, embarrassment, and discomfort. *Id.*, ¶ 18. Plaintiff encountered these barriers in the parking lot, entrance way, public restroom, guestroom, and bathroom. *Id.* at 6-9, ¶¶ A-D. For each barrier encountered, plaintiff identifies a specific regulation of which that barrier is in violation. *See id.* Although plaintiff encountered numerous barriers at the hotel during his visit, plaintiff states that he intends to return in the future, "not only to avail himself of the goods and services available" at the hotel, but also to "assure himself that [the hotel is] in compliance with the ADA." *Id.* at 5, ¶ 20.

Plaintiff filed suit on September 8, 2020 alleging various violations of Title III of the Americans with Disabilities Act ("ADA"). Docket No. 1. He seeks (1) a declaratory judgment that the hotel is in violation of the ADA; (2) an injunction requiring the hotel to come into compliance with the ADA; (3) an award of attorney fees; and (4) an award of any damages that the Court deems just and proper under Title III of the ADA. *Id.* at 12.

Defendants filed their motion to dismiss the complaint or, in the alternative, for a more definite statement on October 23, 2020. Docket No. 9. Defendants contend that plaintiff fails to state a claim upon which relief can be granted and that the Court lacks

subject matter jurisdiction because Plaintiff does not have standing to bring this suit. *Id.* at 1.

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) is a request for the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff generally bears the burden of establishing that the court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City & Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012).

There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial attacks and factual attacks. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack questions merely the sufficiency of the pleading. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack, the court takes the allegations in the complaint as true, as in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* If those allegations establish a federally cognizable claim, jurisdiction exists. *Id.*

In contrast, if a Rule 12(b)(1) motion "challenge[s] the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court[,] '[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'"

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). On a factual attack, no presumption of truthfulness applies to the complaint's allegations. *Holt*, 46 F.3d at 1003. Instead, the court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Id*. In making its decision, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart*, 271 F.3d at 1225 (citation omitted).

Unless it is shown that no amendment of the pleadings could cure the jurisdictional defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the merits and, therefore, constitutes a dismissal without prejudice. *See Bruzga v. Cnty. of Boulder*, 795 F. App'x 599, 604-05 (10th Cir. 2020) (unpublished) (stating that a dismissal based on lack of standing should be without prejudice); *see also* Fed. R. Civ. P. 41(b).

### III.  ANALYSIS

#### A.  Nature of the Jurisdictional Attack

The Court first considers whether defendants bring a facial or factual attack for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court." *Gonzales*, 64 F.3d at 1499. When confronted with such an attack, a plaintiff then must "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care*,

*Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999); *see also Sapp v. Fed. Deposit Ins. Corp.*, 876 F. Supp. 249, 251 (D. Kan. 1995) ("The allegations contained in the complaint are initially accepted as true, but if challenged the plaintiff has the duty to support the allegations with competent proof."); *BH, Inc. v. Trs. for the Univ. of Pa.*, 2009 WL 10671355, at *4 n.5 (D. Wyo. Feb. 27, 2009) (noting that when a Rule 12(b)(1) motion challenges the substance of a complaint's jurisdictional allegations, the nonmovant must present "evidence outside his pleadings opposing the motion"); *see also Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (noting that nonmovant's burden under Rule 12(b)(1) is essentially the same as Rule 56(e)'s requirement that the nonmoving party to a motion for summary judgment set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists).

In this case, defendants characterize their attack as a factual one. Docket No. 16 at 4.[3] Citing previous cases where plaintiff was a party but did not come to Colorado for litigation, the additional facts aim squarely at the allegations in plaintiff's complaint. *See* Docket No. 9 at 7-8, 13. More specifically, defendants focus on plaintiff's allegation that he intends to return to Colorado. *See id.* at 13. Plaintiff, on the other hand, characterizes defendants' arguments as a facial attack. Docket No. 14 at 1-2. Plaintiff argues that the Court should accept the well-pled allegations of the complaint as true. *Id.* at 1.

---

[3] Although this clarification is in the reply, the Court does not consider it to be a new argument but instead a clarification of defendants' argument.

The Court finds this to be a factual attack. Defendants attack the allegations in plaintiff's complaint and support the motion to dismiss with extrinsic evidence. Docket No. 16 at 7-8; *see also Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003) (noting that the defendants' attack was a factual one, as they challenged not just the plaintiffs' allegations of jurisdiction but also the facts underlying those allegations). Accordingly, the Court will consider facts outside the pleadings without converting the motion into one for summary judgment. *See Holt*, 46 F.3d at 1000-03; *see also Stuart*, 271 F.3d at 1225. The Court will not "presume the truthfulness of [plaintiff's] factual allegations." *Holt*, 46 F.3d at 1003.

### B. Standing Requirements

For the Court to have subject matter jurisdiction, the plaintiff must have standing. *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180-81 (2000). At its "irreducible constitutional minimum," standing has three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, a plaintiff must suffer an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent. *Id*. Second, the injury must be traceable to the challenged action of the defendant. *Id.* Third, it must be likely that the injury will be redressed by the relief requested. *Id*. Standing is determined as of the time the action is brought. *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005).

In this case, defendants contend that plaintiff does not have standing because he cannot satisfy the injury in fact requirement. Docket No. 9 at 11-12. Defendants argue that plaintiff's litigation history, among other factors, undercuts the actuality or imminency of his alleged injuries, thereby depriving him of standing. *Id.* at 13. The

6

other two elements of standing, causation and redressability, are not contested. *See id*. The "injury in fact" requirement differs "depending on whether the plaintiff seeks prospective or retrospective relief." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Here, plaintiff seeks an injunction to require defendants to comply with the ADA. Docket No. 1 at 12. "When prospective relief—such as an injunction—is sought, 'the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.'" *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (quoting *Tandy*, 380 F.3d at 1283)). In an ADA case, the Tenth Circuit has found this met when the plaintiff has a "concrete, *present* plan to use" the non-complying premises "several times *each* year." *Tandy*, 380 F.3d at 1284-85.

Plaintiff proposes a four-factor test which other courts in the District of Colorado endorse as the operative test for determining whether a plaintiff has satisfied the injury in fact requirement. *See* Docket No. 14 at 2 (citing *Brito v. Big Lots Stores, Inc.*, No. 17-cv-02052-CMA-KMT, 2017 WL 5665057, at *3 (D. Colo. Nov. 27, 2017)). Defendants do not specifically identify which test they believe the Court should utilize but appear to argue the plaintiff lacks standing under the Tenth Circuit's "intention test." *See* Docket No. 9 at 11-13. In the intention test, the Tenth Circuit analyzes whether a plaintiff intends to return to or use the allegedly non-complying premises in the future in order to determine if the plaintiff has standing for prospective relief. *See, e.g.*, *Colo. Cross*, 765 F.3d at 1211; *Tandy*, 380 F.3d at 1283-84. Regardless of which test the Court uses, the Court finds that plaintiff does not have standing.

7

### *1. Four-Factor Test*

The four-factor test asks the Court to consider: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Big Lots Stores*, 2017 WL 5665057, at *3. The Court will discuss each factor in turn.

#### a. Proximity of Defendants' Business to Plaintiff's Residence

Plaintiff is a resident of Florida, and the hotel is in Colorado. Docket No. 1 at 2, ¶¶ 4, 6. It is undisputed that Plaintiff's residence is not near the hotel. While some courts have stated that proximity does not apply in the hotel context, others have argued that it is proximity to what one wants to visit that matters when hotels are at issue. *Compare Bodley v. Plaza Mgmt. Corp.*, 550 F. Supp. 2d 1085, 1088 n.4 (D. Ariz. 2008) (stating that the proximity factor is not applicable in the hotel context), *with Fiedler v. Ocean Props., Ltd.*, 683 F. Supp. 2d 57, 72 n.17 (D. Me. 2010) (stating that proximity could be relevant as to whether the past discrimination is likely to recur). This Court, however, has taken the position that, "[g]iven that the public accommodation in this case is a hotel which is almost always used only when one is far away from his residence, the [proximity] factor should be judged carefully." *Cohan v. Aurora Hosp., LLC*, No. 19-cv-00784-PAB-NRN, 2020 WL 1322866, at *3 (D. Colo. Mar. 20, 2020) (quoting *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 2d 184, 192 (D. Mass. 2013)). The Court finds that proximity factor in this case is not particularly helpful and should be considered neutral.

### b. Plaintiff's Past Patronage of Defendants' Business

As to plaintiff's past patronage, while he only visited the hotel once, he is not required to visit a non-compliance hotel more than once to have standing. *See Colo. Cross*, 765 F.3d at 1208-13 (holding that the plaintiff who only visited the store once could have standing). Additionally, since the ADA does not require a disabled person to "engage in a futile gesture if such person has actual notice that" a property "does not intend to comply with [ADA's] provisions," it would not make sense to require plaintiff to visit the hotel more than once. *See* 42 U.S.C. § 12188(a)(1). Because plaintiff visited the hotel once, this factor weighs in favor of finding standing.

### c. Definitiveness of Plaintiff's Plans to Return

Defendants do not only dispute the sufficiency of the four-month allegation in plaintiff's complaint, but also the truthfulness of the allegation that plaintiff has a genuine intent to return to the hotel to avail himself of its goods and services. Docket No. 9 at 12-13. Despite defendants' factual attack, plaintiff fails to respond with any opposing evidence. As outlined above, plaintiff has the burden to refute defendants' factual attack with his own extrinsic evidence. *Gonzales*, 64 F.3d at 1499; *Trentacosta*, 813 F.2d at 1558. In place of submitting evidence, however, plaintiff's response asserts new allegations that he did not visit Colorado as often in 2020 because he had to care for his grandmother and that he would meet with his attorney at the hotel in December. *See* Docket No. 14 at 3. Additionally, plaintiff resorts to the general Rule 12(b)(6) dismissal standard and urges the Court to evaluate standing based on the allegations in his complaint. *Id.* at 4-5.

As explained by the United States Supreme Court, "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of 'actual or imminent' injury." *Lujan*, 504 U.S. at 564. Additionally, under *Hafter*, plaintiff "must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Hafter*, 190 F.3d at 1160 n.5. Here, plaintiff pled that he would return to the hotel within four months. *See* Docket No. 1 at 4, ¶ 16. According to defendants, however, "four months" is plaintiff's standard language – he used the same timeframe in other ADA lawsuits he has filed. *See* Docket No. 9 at 6. Defendants also rely on the fact that plaintiff is a 20-year domiciliary in Florida to dispute plaintiff's allegation about spending time in El Paso County. *See id.* at 7-8. Moreover, defendants challenge jurisdiction based on the fact that plaintiff has never come to Colorado to participate in the litigation. *See id.*; *see also Brito v. Oak Shopping, LLC.*, No. 18-cv-02154-DDD-KMT, 2020 WL 1443119, at *3 (D. Colo. Mar. 23, 2020).

A mere expressed desire does not by itself imply an intent to return. *Tandy*, 380 F.3d at 1288. In *Tandy*, the Tenth Circuit dismissed a plaintiff at the summary judgment stage after he failed to support an allegation of his desire to use the city's bus system by an affidavit. *Id.* (plaintiff's "mere allegation does not suffice to establish that he is under a real and immediate threat of repeated injury"). Similarly, plaintiff cannot rely only on allegations that he desires to return to the hotel to survive defendants' factual attack. *Trentacosta*, 813 F.2d at 1559 (stating that on a Rule 12(b)(1) motion constituting a factual challenge the non-moving party's burden is that of Rule 56(e)). Because plaintiff

has failed to present any affidavits or other evidence, plaintiff has not established the definitiveness of his plan to return by a preponderance of the evidence.

The requirement that plaintiff submit evidence to support his professed intent to return to the hotel is especially important where, as here, plaintiff has an extensive litigation history relating to ADA claims.[4] *See Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164-67 (C.D. Cal. 2005) (considering the plaintiff's litigation history in determining standing); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374 (M.D. Fla. 2004) (stating that, "in view of his extensive litigation history, [plaintiff's] professed intent to return to the property is insufficient").

Plaintiff in this case is no stranger to ADA litigation. He has filed scores of ADA lawsuits, including no fewer than fourteen actions in this District in 2020. *See* Docket No. 9-1 at 1-6. The fact that plaintiff has been and is currently involved in other ADA lawsuits does not in itself automatically render his professed intent to return to the hotel disingenuous. The problem is that plaintiff has not submitted any evidence as required under the applicable Rule 12(b)(1) standard demonstrating that his intent is not as defendants portray. Without an actual intent to return, any threat of future injury is

---

[4] Defendants ask the Court to take judicial notice of plaintiff's other cases. *See* Docket No. 9-1. Because this is a Rule 12(b)(1) factual attack, the Court may consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment. *See Holt*, 46 F.3d at 1003 (stating that in a Rule 12(b)(1) factual attack, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."). Additionally, the Court "may consider facts subject to judicial notice – including facts that are a matter of public record, such as documents filed in other litigation – without converting a motion to dismiss into a motion for summary judgment." *Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (unpublished). For these reasons, the Court will take judicial notice of plaintiff's other cases without converting the motion to dismiss into one for summary judgment.

neither actual nor imminent. *See Lujan*, 504 U.S. at 564. Therefore, the third factor weighs in defendants' favor.

### d. Plaintiff's Frequency of Travel Near Defendants' Business

Regarding plaintiff's frequency of travel near the hotel, plaintiff alleges that he splits his time between Colorado Springs and Miami and visits the Denver area multiple times a year since he flies into Denver International Airport. Docket No. 14 at 2. Meanwhile, defendants argue that there is no evidence that plaintiff regularly comes to Colorado. Docket No. 9 at 4-5. Defendants emphasize the fact that, in another case in this District, plaintiff did not come to Colorado to participate in litigation and instead joined from Miami via phone. *Id.* at 7-9 (citing *Oak Shopping,* 2020 WL 1443119, at *3). Defendants also argue that plaintiff is unfamiliar with the locations he claims to frequent. *Id.* at 5.

Notwithstanding the aforementioned attacks on his frequency of travel near the hotel, plaintiff submits no evidence in rebuttal. *See generally* Docket No. 14. He does not address defendants' argument that he does not frequent the Colorado businesses as he claims to. *See id.* Instead, plaintiff alleges more facts without an affidavit to support them. *See id.* at 3. According to plaintiff, the reason he traveled to Colorado less frequently last year was because he had to take care of his ill grandmother. *Id.*

In addition, plaintiff argues that the Tenth Circuit has held that ADA testers have standing to bring their claims. *Id.* at 5; *see also Colo. Cross*, 765 F.3d at 1211 (holding that testers have standing under Article III of the ADA). However, plaintiff's argument is unconvincing. "[T]he fact that 'tester standing' exists under Title III does not displace the general requirements of standing. Like any plaintiff, a tester must demonstrate that

she has indeed suffered a cognizable injury in fact that will be redressed by the relief sought." *Colo. Cross*, 765 F.3d at 1211 (internal citation omitted).  In the face of defendants' challenge to plaintiff's alleged jurisdictional facts, the burden remains on plaintiff to prove he has standing to bring the current lawsuit.  Yet, in contrast to the plaintiffs in *Tandy* and *Colorado Cross* who were able to establish standing based on actual testimony contained in affidavits detailing admissible facts, plaintiff here has failed to submit an affidavit to support his claims.  Accordingly, the fourth factor weighs in defendants' favor.

The Court finds that two factors weigh against a finding of standing, one factor weighs in its favor, and one factor is neutral.  Because plaintiff has not met his burden to show that his intent to return is genuine and that the risk of future harm is actual and imminent, under the four-factor test, plaintiff does not have standing.

### 2. Intention Test

Rather than using the four-factor test, the Tenth Circuit applies a more straightforward test set forth by the Supreme Court to analyze whether a plaintiff intends to use the complained of public accommodation in the future.  *See Colo. Cross*, 765 F.3d at 1211-12; *Tandy*, 380 F.3d at 1284-88; *see also Lujan*, 504 U.S. at 564.

In *Tandy*, the Tenth Circuit held that testers who intended to use the system for future transportation had standing for prospective relief.  *See Tandy*, 380 F.3d at 1284-88.  The testers were non-Wichita residents who attempted to ride the city's bus system.  *Id.* at 1280.  They encountered numerous barriers to access on the buses.  *Id.* at 1281-83.  Although the testers did not live in the area, and only used the bus system for test purposes, the court reasoned that "an intent to use buses 'several times per year'

suggests a concrete, *present* plan" to use the bus system in the future. *Id.* at 1284. In *Colorado Cross*, the court reasoned that the plaintiff's intention to return to a store in a mall "at least six times per year" was similar to the intentions in *Tandy* to use the bus system several times each year. 765 F.3d at 1211-12. Hence, it was sufficient for injury in fact. *Id.*

Here, plaintiff alleges that he travels to Denver multiple times each year. However, this is not analogous to *Tandy* and *Colorado Cross*. In both *Tandy* and *Colorado Cross*, most plaintiffs submitted affidavits in support of their standing arguments. *See Tandy*, 380 F.3d at 1281 (stating that most appellants submitted affidavits detailing their individual experiences with Wichita Transit); *Colo. Cross*, 765 F.3d at 1211-12 (citing *Tandy*, where plaintiffs "averred in affidavits" that they intended to test a public transportation system "several times per year," and concluding based on "two affidavits" that the plaintiff's "testimony . . . suggests a concrete, present plan to return to the [premises] several times – at least six – each year").[5] Furthermore, since the *Colorado Cross* court made clear that its holding was based on testimony in affidavits, plaintiff's lack of admissible evidence is fatal to his standing argument based on the same holding. *See id.* ("[W]e hold that Plaintiff Julie Farrar has standing to seek prospective relief. In two affidavits, Ms. Farrar averred that she 'intend[s] to . . . return

---

[5] While *Tandy* and *Colorado Cross* were at the summary judgment stage and this case is at the motion to dismiss stage, the Tenth Circuit has stated that the non-movant's burden under a Rule 12(b)(1) and Rule 56 are "essentially the same—the[ non-movant] must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *See Hafter*, 190 F.3d at 1160 n.5.

to' the Park Meadows Hollister . . . . [This] testimony has the same effect as the 'several times per year' testimony in *Tandy*.").

Because plaintiff has failed to sufficiently allege his intent to return to the hotel, the Court therefore finds that plaintiff does not satisfy the injury in fact requirement of standing.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint or in the Alternative for a More Definite Statement [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED without prejudice**.

DATED September 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge