IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02719-PAB-KMT

CARLOS BRITO,

    Plaintiff,

v.

DENVER CONVENTION CENTER HOTEL AUTHORITY, and
HYATT CORPORATION,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on Defendants' Motion for Award of Attorneys' Fees and Costs [Docket No. 27]. Plaintiff responded [Docket No. 28] and defendants replied [Docket No. 31]. The Court has jurisdiction pursuant to 28 U.S.C § 1331.

**I. BACKGROUND**

    Plaintiff, a resident of Miami-Dade County, Florida, regularly travels through the Denver area while visiting family in El Paso County, Colorado. Docket No. 1 at 4, ¶ 16. At the time of the complaint, plaintiff had plans to return to Denver "within four (4) months." *Id.* Plaintiff is a paraplegic and is not able to walk or stand. *Id.* at 3, ¶ 13. Consequently, he requires a wheelchair to move about. *Id.*

    On July 27 and July 28, 2020, plaintiff visited a commercial hotel located in Denver, Colorado (the "hotel"), which is owned and operated by defendants Denver Convention Center Hotel Authority and Hyatt Corporation. *Id.* at 3-4, ¶¶ 14-15. During

this visit, plaintiff "encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property." *Id.* at 3-4, ¶ 15.

Plaintiff filed suit on September 8, 2020 alleging various violations of Title III of the Americans with Disabilities Act ("ADA"). Docket No. 1. Defendants filed a motion to dismiss the complaint or, in the alternative, for a more definite statement on October 23, 2020. Docket No. 9. On September 13, 2021, the Court granted defendants' motion to dismiss and dismissed this case without prejudice due to plaintiff's lack of standing. Docket No. 25 at 15. On September 27, 2021, defendants filed a motion for attorneys' fees under 42 U.S.C. § 12205. Docket No. 27.

## II. LEGAL STANDARD

Title 42 U.S.C. § 12205 provides that, in ADA cases, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court held that a district court may only "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 421. The Tenth Circuit has determined that this standard "applies as well to the recovery of attorney's fees by prevailing defendants in ADA actions." *Twilley v. Integris Baptist Med. Ctr., Inc.*, 16 F. App'x 923, 926 (10th Cir. 2001) (unpublished).

## III. ANALYSIS

Defendants argue that they are the prevailing party and plaintiff's case was "frivolous, unreasonable, or without foundation." Docket No. 27 at 2. Specifically, defendants argue that plaintiff was aware of the standard to state a claim for relief

2

based on his extensive ADA litigation and had no basis to continue to litigate the case after being made aware of the defects through conferral and defendants' motion to dismiss.  *Id.*  Plaintiff responds that (1) defendants are not the prevailing party because the dismissal was without prejudice; (2) his case was not frivolous; and (3) the award sought is excessive, the motion is defective, and plaintiff has no means to pay attorneys' fees.  Docket No. 28 at 7.

The Court first addresses whether defendants are the prevailing party.  In *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016), the Supreme Court held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'"  Citing the *Christiansburg* standard, the Court noted that "[i]t would make little sense if Congress' policy of sparing defendants from the costs of *frivolous* litigation, . . . depended on the distinction between merits-based and non-merits-based frivolity."  *Id.* (internal citation and quotation marks omitted).  While the parties do not provide any Tenth Circuit precedent applying *CRST* to determine whether a dismissal for lack of standing results in the defendant being the "prevailing party," the Court finds *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017), instructive.  In *Amphastar*, the Ninth Circuit held that dismissing a case for lack of subject-matter jurisdiction was "a significant victory and permanently changed the 'legal relationship of the parties.'"  *Id.* at 710.  District courts in the Ninth Circuit have relied on this reasoning in ADA cases to find that a defendant is a prevailing party when the case is dismissed for lack of standing.  *See, e.g.*, *Rutherford v. Evans Hotels, LLC*, 2021 WL 1945729, at *2-3 (S.D. Cal. May 14, 2021) (rejecting argument that defendant was not prevailing party because dismissal was due to lack of standing).  All of the

3

cases plaintiff cites in order to argue to the contrary predate *CRST*. *See* Docket No. 28 at 3-4. The Court agrees with the above reasoning and finds that defendants are the prevailing party in this case, despite the fact that the dismissal was without prejudice.

The Court next turns to whether the case was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. This standard is "met when a party utterly fails to produce *any* evidence in support of material issues necessary to withstand summary judgment." *Twilley*, 16 F. App'x at 926. "The district court should not, in hindsight, characterize a plaintiff's case as frivolous simply because it was ultimately unsuccessful." *Carlile v. Conoco, Inc.*, 23 F. App'x 963, 967 (10th Cir. 2001) (unpublished). The Court notes that this case was decided at the motion to dismiss stage, not summary judgment. While the Court considered materials outside the pleadings because defendants raised a factual attack on subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), *see* Docket No. 25 at 4-6, briefing took place before the completion of discovery. *Compare* Docket No. 14 (plaintiff's response to motion to dismiss, filed November 13, 2020), *with* Docket No. 21 (extending discovery deadline to August 31, 2021). Plaintiff and his counsel are familiar with ADA litigation, but that does not automatically render a defective pleading frivolous. The Court's analysis of plaintiff's standing consumed eleven pages. *See* Docket No. 25 at 4-15. Although the Court ruled against plaintiff, the Court does not find that his action was frivolous, unreasonable, or without foundation. Accordingly, the Court will deny defendants' motion. Because the Court denies defendants' motion on this basis, the Court declines to address plaintiff's arguments regarding the insufficiency of the billing records, the

allegedly excessive amount of the fees sought, and plaintiff's claimed inability to pay an award.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Costs [Docket No. 27] is **DENIED**.

DATED August 22, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge